IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DWIGHT L. RANSBY,<br><br>                    Petitioner<br><br>VS.<br><br>BARRY GOODRICH, WARDEN,<br><br>                    Respondent | NO. 5:08-CV-112(CAR)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner DWIGHT L. RANSBY has filed a petition herein seeking federal habeas corpus relief.  Tab #1.  Respondent BARRY GOODRICH has filed a motion seeking to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #15. Petitioner RANSBY has responded to the respondent's motion.  Tab  #19, Tab #23, Tab #24, and Tab #25.

### LEGAL STANDARD

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

FACTUAL AND PROCEDURAL HISTORY

Petitioner RANSBY was indicted by a Butts County grand jury on May 1, 2003, on two counts of aggravated assault, fleeing and attempting to elude, suspended license, reckless driving, speeding, three counts of failure to obey a traffic control device, passing on a hillcrest, and weaving. Petitioner entered a guilty plea to all counts except the two counts of aggravated assault. At a jury trial on the two counts of aggravated assault, he was convicted of one count of aggravated assault and one count of simple assault as a lesser included offense. Petitioner was sentenced on May 22, 2003, to twelve (12) years imprisonment for aggravated assault and twelve (12) months for each of the other counts, to be served concurrently. The Georgia Court of Appeals affirmed petitioner's convictions and sentences on June 9, 2005. *Ransby v. State*, 273 Ga. App. 594, 615 S.E.2d 651 (2005). On July 25, 2005, petitioner filed a petition for certiorari to the Georgia Supreme Court, which was subsequently dismissed as untimely on October 24, 2005.

On July 12, 2006, petitioner RANSBY filed a *state* habeas corpus petition in the Superior Court of Coffee County, challenging his Butts County convictions. Following a hearing on October 18, 2006, the state habeas corpus court denied relief in an order filed October 28, 2007. Thereafter, the Georgia Supreme Court denied petitioner RANSBY's application for a certificate of probable cause to appeal and affirmed the state habeas court's denial of relief on March 11, 2008. On March 28, 2008, petitioner RANSBY executed the instant federal petition, challenging his Butts County convictions. Respondent has since filed an answer and has moved to dismiss this petition as untimely under the AEDPA.

DISCUSSION

In his motion seeking dismissal, respondent GOODRICH contends that the petitioner's conviction became final on June 20, 2005, 10 days after the Georgia Court of Appeals issued its decision affirming the petitioner's convictions. Respondent next notes that the petitioner waited until July 12, 2006, some one-year and twenty-two days later, to file his *state* habeas corpus petition. As such, at the time the petitioner filed his *state* petition, there was no time left to toll under the AEDPA. Accordingly, respondent GOODRICH avers that the instant petition was untimely filed and should be dismissed.

-2-

In his various responses to the instant motion seeking dismissal, petitioner RANSBY does not contest the respondent's time calculations *per se*, but instead argues that, pursuant to 28 U.S.C. §2244(d)(1)(D), the period of limitations did not begin to run until May 27, 2008, the date upon which he filed an amended petition in this action. This, according to petitioner RANSBY, is because the aforementioned date was the date upon which he *discovered* the factual predicate of an alleged *Brady* violation by the trial prosecutor. This assertion is simply not supported by the facts.

After a review of the record in this case, it is clear that the factual predicate of the alleged Brady violation, that is, the fact that the prosecutor allegedly made false statements regarding the state's custody of the petitioner's vehicle and his status as a pretrial detainee, was available to or known by the petitioner long before May 27, 2008. This conclusion is evidenced by the fact that the petitioner has raised numerous arguments and complaints about the prosecutor and the state's handling of his vehicle since the time of his trial and at every step since. The fact that the petitioner did not know how or chose not to use these facts to articulate this particular claim prior to May 27, 2008 is simply not sufficient to trigger the 28 U.S.C. §2244(d)(1)(D) exception to the period of limitations.

In view of the above, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The time elapsed between the petitioner's conviction becoming final and the filing of the petitioner's state habeas action totaled three-hundred-eighty-seven (387) days. Thus, at the time the petitioner filed his *state* habeas petition, more than a year had already passed since his conviction became final. Accordingly, the subsequently filed instant federal habeas petition is untimely. Consequently, the instant motion to dismiss should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**.

-4-

Also before the court is a MOTION TO PRODUCE PRETRIAL MOTION TRANSCRIPTS (Tab #26) and three MOTIONS FOR DOCUMENTS AND RECORDS (Tab #27-Tab #29) which have been recently filed by the petitioner.  In view of the above recommendation, **IT IS HEREBY ORDERED** that these motions be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendation herein with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST** **ADDRESS** provided by him.

SO ORDERED AND RECOMMENDED, this 9th  day of FEBRUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE