THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DWIGHT L. RANSBY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| | : | CASE NO.   5:08-CV-112 (CAR) |
| v. | : | |
| | : | |
| | : | |
| BARRY GOODRICH, WARDEN, | : | |
| | : | |
| Respondent. | : | |
| | : | |

*ORDER ON REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc.31] that Respondent's Motion to Dismiss [Doc. 15] be granted.  In his Recommendation, the United States Magistrate Judge found that the instant petition for habeas corpus relief was untimely, having been filed outside the one-year limitations period provided by 28 U.S.C. § 2244(d).  Petitioner does not now dispute the Magistrate Court's findings that Petitioner's conviction became final on June 20, 2005 or that Petitioner's state habeas petition was filed more than one-year after his conviction became final[1] and thus could not serve to toll the time for filing his federal habeas petition.  Rather, in the Objection [Doc. 32] currently before the Court, Petitioner contends that the Magistrate Judge failed to address his argument that the one-year limitations period should be equitably tolled in this case because "extraordinary circumstances" worked to prevent him from timely filing his petition.

---

[1] Petitioner does object to the finding that his state habeas petition was filed on July 12, 2006.  Petitioner instead claims that the Court should find that it was filed on July 8, 2006, four days earlier.  Either way, however, the filing was clearly outside the one-year limitations period which expired on June 20, 2006.

Petitioner is correct that the United States Magistrate Judge did not address this argument in his Recommendation despite the fact that Petitioner raised the issue in his multiple responses to the motion to dismiss. This Court will, therefore, address the argument now.

As Petitioner contends, a federal petition for habeas corpus relief filed outside the one-year limitations period may still be considered timely if the petitioner is entitled to "equitable tolling." Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008). Equitable tolling can be applied "when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Id.  In such cases, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

In this case, Petitioner claims that "on or about" June 19, 2005, just one day before the expiration of the relevant limitations period on June 20, 2005, fifty-two pounds of his legal materials, including his legal mail and his *completed* state habeas petition, was seized and confiscated by prison staff. In one of his responses to the motion to dismiss, Petitioner further states that he was forced to enter into a "property disposal" agreement to either mail all fifty-two pounds of the legal materials home or have it destroyed within thirty days. Because Petitioner did not have the postage necessary to mail fifty-two pounds of materials home and was, on June 22, 2006, placed in administrative segregation for possession of excessive paper work, he was unable to retrieve his legal materials, and they were never returned to him. To support this argument, Petitioner filed his own Affidavit [Doc. 30], in which he reiterates the same. Petitioner likewise filed [Doc. 19] a copy of two "property disposal agreements" and an "administrative segregation memo."

Upon review, however, it appears that the Record does not support Petitioner's claims that "extraordinary circumstances" worked to prevent him from timely filing his petition. Petitioner does

not dispute the Magistrate Judge's finding that, for his state habeas petition to toll the time for filing the federal petition, he was required to file his state petition on or before June 20, 2006. As such, Petitioner was required to show that "extraordinary circumstances" prevented him from filing his state petition by this date despite his otherwise diligent efforts to mail the habeas in a timely manner. See Holland, 539 F.3d at 1339. Yet, Petitioner's affidavit only avers that his legal papers were taken from him "on or about" June 19, 2005, just one day before the expiration of the relevant limitations period. Petitioner's estimation of "on or about" June 19th is not good enough. This is a case in which a day or two does make a difference. The documents produced by Petitioner, on the other hand, suggest that the date may have been later than June 19th. The earliest "property disposal agreement" submitted by Petitioner, (Pl. Response [Doc. 19], Exhibit B), is dated on June 23, 2005, three days after the limitations period tolled. Regardless, unless Petitioner can show that the papers were taken from him on or before June 20, 2005, his argument is moot.

      The Court also finds it relevant that Petitioner claims that his *completed* state habeas petition was seized from him and that he did not choose to then mail his state habeas petition on that date. Certainly, Petitioner cannot show that he was "pursuing his rights diligently" if he had his state habeas petition completed on the day before the limitations period tolled and still failed to mail it. Inasmuch, the property disposal agreement dated August 8, 2005 (Pl. Response [Doc. 19], Exhibit C) describes three boxes of legal mail and more than $21.00 in stamps being seized from Petitioner. Petitioner, in fact, does not suggest that he did not have the postage to mail his completed state habeas petition prior to the expiration of the limitations period and has further offered no basis for finding that prison officials stood in his way or prevented his filing of the completed petition. Accordingly, the Court finds that Petitioner has failed to show either that the seizure of his legal mail in June of 2006 prevented him from filing his state habeas petition prior to the expiration of the

limitations period or that he was pursuing his rights diligently.

In his Objection and his responses to the motion to dismiss, Plaintiff further suggests that he may be entitled to equitable tolling in this case because he was placed in administrative segregation on June 22, 2006 and because his attorney failed to provide him with a copy of his transcripts within a reasonable time.  Again, this Court finds that Petitioner has failed to demonstrate how either of these factors worked to prevent him from timely filing his petition despite his due diligence.  Obviously, the date that he was place in administrative segregation was two days after the expiration of the limitations period.  Thus, that action cannot be said to have any effect on his inability to file his state petition before the expiration of the limitations period.  Petitioner's allegation that his attorney was negligent in providing him with a copy of relevant transcripts are also unsupported by the Record.  However, even if Petitioner could show that his counsel was negligent in failing to provide him with necessary transcripts, the Eleventh Circuit Court of Appeals has "said repeatedly that even attorney negligence is not a basis for equitable tolling." Holland, 539 F.3d at 1339 ("[N]o allegation of lawyer negligence or of failure to meet a lawyer's standard of care-in the absence of an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part-can rise to the level of egregious attorney misconduct that would entitle Petitioner to equitable tolling"); see Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir.2000); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir.1999).

Finally, Petitioner asserts that equitable tolling is appropriate in this case because Respondent has "now seized and confiscated Petitioner's law books, dictionaries, legal documents and briefs, as well as toothbrushes, lineless typing paper, [four] bags of coffee, bags of chips, and other personal items" and transferred him to another prison.  Petitioner, however, fails to explain the

relevance of this action to the equitable tolling issue, and, again, nothing in the Record suggest that this obstructed his ability to file a timely habeas petition.

Thus, ultimately, the Court finds Petitioner's arguments that he is entitled to the benefit of equitable tolling in this case to be unpersuasive, and the Court otherwise agrees with the findings and conclusions of the Magistrate Judge. The United State's Magistrate Judge's Recommendation is thus **ADOPTED** and **MADE THE ORDER OF THE COURT**. The instant petition for habeas corpus relief is hereby **DISMISSED**.

**SO ORDERED**, this 13th day of March, 2009.


        S/ C. Ashley Royal
        C. ASHLEY ROYAL
        UNITED STATES DISTRICT JUDGE


jlr